# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASQUAL APARICIO, | CASE NO. 1:09-CV-01783-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| KEN CLARK, et al., | (DOC. 1) |
| Defendants. | |

## Screening Order

**I.     Background**

Plaintiff Pasqual Aparicio ("Plaintiff") is a prisoner in the custody of the Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on October 9, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff names as Defendants Warden Ken Clark and correctional officer J. Martin.

Plaintiff alleges that the investigative service unit, of which J. Martin is a member, entered B-yard and denied Plaintiff of his due process and Eighth Amendment rights. Plaintiff alleges that Defendant Martin deprived Plaintiff of his radio/CD player when he confiscated it. Plaintiff incorporates his entire inmate grievance by reference into his complaint.

## III. Analysis

### A. Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

1  omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

2        Plaintiff alleges that Defendant Clark is responsible because he is the warden of the
3  SATF.  Plaintiff's claim is thus under a respondeat superior theory, and cannot state a cognizable
4  § 1983 claim.  Plaintiff thus fails to state a claim against Defendant Clark.

5        **B.**      **Eighth Amendment**

6        The Eighth Amendment protects prisoners from inhumane methods of punishment and
7  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
8  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and
9  only those deprivations denying the minimal civilized measure of life's necessities are
10 sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,
11 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of
12 the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials
13 knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511
14 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on
15 the part of the official is not sufficient to establish liability, but rather, the official's conduct must
16 have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

17       There are no allegations that even remotely indicate an Eighth Amendment claim.
18 Plaintiff's allegations of harassment do not rise to the level of an Eighth Amendment violation.

19       **C.**      **Due Process - Property**

20       The Due Process Clause protects prisoners from being deprived of property without due
21 process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected
22 interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However,
23 while an authorized, intentional deprivation of property is actionable under the Due Process
24 Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman*
25 *Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985),
26 neither negligent nor unauthorized intentional deprivations of property by a state employee
27 "constitute a violation of the procedural requirements of the Due Process Clause of the
28 Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available,"

3

*Hudson*, 468 U.S. at 533.  California provides such a remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).  Furthermore, if Plaintiff was provided with due process, Plaintiff fails to state a claim.

According to the pleadings, which incorporate Plaintiff's inmate grievances, Defendant J. Martin confiscated Plaintiff's radio/CD player on February 24, 2009, for being altered.  Plaintiff requested in his inmate grievance that he wanted the CD player held in Receiving and Release (R&R) storage pending an agreement and understanding of the problem.  Plaintiff was provided with an opportunity to mail the CD player home.  According to Form CSATF-001, Confiscated Property/Contraband Receipt, Plaintiff chose to do so on March 25, 2009.

Based on the pleadings, the Court does not find any due process violation.  The deprivation of Plaintiff's property was authorized by prison procedure, and Plaintiff was provided with the opportunity to send the CD player home.  Plaintiff apparently agreed to do so. There is thus no violation of due process.  As Plaintiff may be able to amend his complaint to cure the deficiencies identified, the Court will grant Plaintiff leave to amend.

## IV.     Conclusion And Order

Plaintiff's complaint fails to state any claims against any defendants under § 1983.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff may amend only as to his due process claim.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under 42 U.S.C. § 1983;
2. Plaintiff's Eighth Amendment claim and claim against Defendant Clark is dismissed with prejudice;
3. The Clerk of the Court shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified herein; and
5. If Plaintiff fails to respond within **thirty (30) days**, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 20, 2010**           /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE