# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASQUAL APARICIO, | CASE NO. 1:09-CV-01783-DLB PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| KEN CLARK, et al., | ORDER DENYING APPOINTMENT OF COUNSEL |
| Defendants. | (DOCS. 7, 8) |
| / | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Pasqual Aparicio ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 22, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order. Doc. 7. The Court had ordered Plaintiff to file an amended complaint by October 25, 2010. On April 18, 2011, Plaintiff filed his response. Doc. 8. Accordingly, the order to show cause is HEREBY DISCHARGED.

Plaintiff contends that his legal property were missing after his cell was searched by prison officials, pursuant to a facility-wide search. Plaintiff felt intimidated. Plaintiff requests that the Court send Plaintiff a copy of all his filings in this action. Plaintiff also requests appointment of counsel.

As explained in the Court's First Informational Order, the Court cannot provide copies for a party, even a party proceeding in forma pauperis. *See* Order ¶ 3, Doc. 3. Copies may be obtained by contacting the Attorney's Diversified Services. *Id.* The Court will provide Plaintiff

leave to file an amended complaint.  Plaintiff is GRANTED thirty (30) days from the date of service of this order in which to file his amended complaint.  Failure to comply may result in dismissal of this action for failure to obey a court order.

Plaintiff's motion for appointment of counsel is denied.  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  *Id.* Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **April 26, 2011**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE