1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  PASQUAL APARICIO,                                    CASE NO. 1:09-CV-01783-DLB PC

9                          Plaintiff,                  ORDER DISMISSING ACTION FOR
                                                       FAILURE TO OBEY COURT ORDER AND
10        v.                                           FAILURE TO STATE A CLAIM

11  KEN CLARK, et al.,                                 (DOC. 14)

12                          Defendants.
                                                  /
13

14        Plaintiff Pasqual Aparicio ("Plaintiff") is a California state prisoner proceeding pro se in

15  this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on October 9,

16  2009.  Doc. 1. On September 20, 2010, the Court dismissed Plaintiff's complaint for failure to

17  state a claim with leave to file an amended complaint within thirty days. Doc. 6. Plaintiff

18  received an extension of time on June 6, 2011, and August 4, 2011. Docs. 11, 13.  Plaintiff was

19  granted up to and including September 6, 2011 in which to file his amended complaint.  On

20  October 13, 2011, Plaintiff was ordered to show cause within eighteen days why this action

21  should not be dismissed for failure to obey a court order and failure to state a claim.  Doc. 14.  As

22  of the date of this order, Plaintiff has not responded or otherwise complied.

23        Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

24  Rules or with any order of the Court may be grounds for the imposition by the Court of any and

25  all sanctions . . . within the inherent power of the Court."  District courts have the inherent power

26  to control their dockets and "in the exercise of that power, they may impose sanctions including,

27  where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

28  Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

1

1   an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.. Ghazali v.*

2   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

3   *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

4   order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

5   1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

6   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

7   for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

8   1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

9        In determining whether to dismiss an action for lack of prosecution, failure to obey a

10   court order, or failure to comply with local rules, the court must consider several factors: (1) the

11   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

12   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

13   their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;

14   *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

15   *Ghazali*, 46 F.3d at 53.

16        In the instant case, the court finds that the public's interest in expeditiously resolving this

17   litigation and the court's interest in managing the docket weigh in favor of dismissal.  On July 7,

18   2011, Plaintiff was ordered to file a signed complaint, but failed to do so.  The third factor, risk

19   of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises

20   from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West,* 542

21   F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on

22   their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

23   a court's warning to a party that his failure to obey the court's order will result in dismissal

24   satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833

25   F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated: "Failure to

26   timely respond or to show cause will result in dismissal of this action for failure to obey a court

27   order and failure to state a claim  Thus, Plaintiff had adequate warning that dismissal would

28   result from his noncompliance with the Court's order.

1    Accordingly, it is HEREBY ORDERED that

2    1.    This action is DISMISSED for failure to obey the Court's October 13, 2011 Order

3          and for failure to state a claim;

4    2.    This dismissal is subject to the three strikes provision of 28 U.S.C. § 1915(g).

5          *Silva v. Vittorio*, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26,

6          2011); and

7    3.    The Clerk of the Court is directed to close this action.

8    IT IS SO ORDERED.

9    Dated:    **November 17, 2011**                    **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE